IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Barry Alan Johnson,<br><br>    PETITIONER<br><br>    v.<br><br>United States of America,<br><br>    RESPONDENT | Crim. No. 4:11-cr-02156-TLW<br>C/A No. 4:13-cv-02655-TLW<br><br>**Order** |

This matter comes before the Court for consideration of the pro se petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Barry Alan Johnson. For the reasons stated below, the Court dismisses the petition.

## I.     Factual and Procedural History

Petitioner pled guilty to a drug conspiracy charge and was sentenced to 110 months incarceration.[1] He did not file a direct appeal.

Petitioner timely filed this § 2255 petition, setting forth the following bases for relief: (1) the two-level firearm enhancement should not have applied; (2) his drug weight calculation was improper; and (3) that the sheriff of the department that arrested him was later convicted of corruption-related charges.  ECF No. 72 at 4–7.

The Government filed a response in opposition,[2] ECF No. 80, and Petitioner filed a reply,

---

[1] His sentence was later reduced to 100 months pursuant to Amendment 782 to the sentencing guidelines.  ECF No. 96.

[2] While the Government did not file a separate motion for summary judgment, the response in opposition indicates that the Government is seeking summary judgment on the petition. ECF No. 72 at 12.  Thus, the Court construes the response as a motion for summary judgment.

1

ECF No. 87.

This matter is now ripe for decision.

## II.    28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a petition in the court that imposed the sentence to vacate, set aside, or correct the sentence.  A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam).  "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'"  *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a § 2255 petition, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's filings, and finds that no hearing is necessary.

## III.    Standard of Review

Petitioner brings this petition pro se.  Courts are required to construe liberally pleadings

filed by pro se litigants to allow for the development of potentially meritorious claims. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). These pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

The Government filed a motion for summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At the summary judgment stage, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby Inc.,* 447 U.S. 242, 255 (1986).

## IV.    Discussion

As noted above, Petitioner raises three claims in his petition, which the Court will discuss in turn.

### A.    Firearm enhancement

Petitioner's first claim challenging his firearm enhancement can be broken into two subparts: a claim under *Alleyne v. United States*, 133 S. Ct. 2151 (2013) and an ineffective assistance of counsel claim.

1.  **Alleyne**

Petitioner claims that at sentencing, his sentence was increased after the Court applied a firearm enhancement, in violation of *Alleyne*. In that case, the Supreme Court held that facts that increase a defendant's mandatory minimum sentence must be submitted to the fact-finder because such facts constitute elements of the offense, not "sentencing factors." 133 S. Ct. at 2155.

*Alleyne* affords Petitioner no relief. As an initial matter, he was sentenced on September 10, 2012, more than six months before *Alleyne* was decided. Thus, even if *Alleyne* otherwise applied to the facts of his case, he would not be entitled to relief because *Alleyne* does not apply retroactively. *See, e.g.*, *United States v. Stewart*, 540 F. App'x 171, 172 n.* (4th Cir. 2013) ("We note that *Alleyne* has not been made retroactively applicable to cases on collateral review."); *In re Payne*, 733 F.3d 1027, 1029–30 (10th Cir. 2013) ("The [Supreme] Court has not held that *Alleyne* applies retroactively to cases on collateral review."); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (holding that *Alleyne* was not made retroactively applicable on collateral review, and noting that it is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which itself is not retroactive).

Furthermore, Petitioner would not be eligible for relief even absent the retroactivity issue. *Alleyne* only applies where a defendant's *mandatory minimum* sentence is increased. *Alleyne*, 133 S. Ct. at 2155. Petitioner's firearm enhancement impacted only his guideline offense level; it did not increase the applicable mandatory minimum sentence. Thus, *Alleyne*'s holding is inapplicable to this case.

Finally, the Court notes that in Petitioner's plea agreement, he agreed to waive "any argument that the facts that determine his offense level under the Guidelines and pursuant to any mandatory minimum should be alleged in an indictment and found by a jury beyond a reasonable

4

doubt." ECF No. 41 at ¶ 5. Accordingly, he is entitled to no relief under *Alleyne* on this claim.

### 2.  *Ineffective assistance of counsel*

Petitioner also argues that he was not made aware of the firearm enhancement until "before sentencing." ECF No. 72 at 4. He appears to be asserting an ineffective assistance of counsel argument. To prevail on an ineffective assistance of counsel claim, he must show (1) that counsel's acts or omissions fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988). Failure of proof on either prong ends the matter. *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004). There is "a strong presumption that counsel's conduct falls within the wide range of professional assistance," and Petitioner has the burden of overcoming this presumption. *Strickland*, 466 U.S. at 689. An ineffective assistance of counsel allegation requires the submission of specific facts in support of the claim. *See United States v. Witherspoon*, 231 F.3d 923, 926 (4th Cir. 2000).

The record does not support Petitioner's ineffective assistance of counsel claim. First, in his plea agreement, he acknowledged that the conduct from any dismissed counts—in this case, a firearm count—could be considered as relevant conduct by the Court. ECF No. 41 at ¶ 3. Thus, his plea agreement clearly indicated that the firearm conduct could be used at sentencing. Furthermore, the firearm enhancement was discussed extensively at sentencing, and he indicated that he understood the PSR, that he had had sufficient time to review it, and that he had no objections to it. ECF No. 67 at 2–5. The Court also notes that in his reply to the Government's opposition to his § 2255 petition, he appears to change his story, stating that he did, in fact, "know that the gun enhancement existed but did not agree" to it. ECF No. 87 at 4. Thus, the record does

not support his claim that he was unaware of the firearm enhancement. To the extent that he claims he disagreed with the enhancement, he had the opportunity to object at sentencing, but chose not to do so.

As to Petitioner's contention that his counsel did not object to the firearm enhancement, the record indicates otherwise. Counsel discussed the firearm enhancement extensively at sentencing, indicating that he had, in fact, initially objected to the enhancement. However, the objection was withdrawn in exchange for a Government concession on a threat of violence enhancement. ECF No. 67 at 2–3. Petitioner concurred in the withdrawal of the objection. *Id.* at 4–5. In light of these facts, the Court finds that he failed to show that counsel acted unreasonably or prejudicially regarding the firearm enhancement. Thus, his ineffective assistance of counsel claim based on these facts is without merit.

### B.     Drug Weight

As with Petitioner's claim regarding the firearm enhancement, his claim regarding his drug weight can also be broken into an *Alleyne* claim and an ineffective assistance of counsel claim.

#### 1.    Alleyne

Petitioner argues that pursuant to *Alleyne*, his sentence was improperly enhanced when the Court used the drug weights stipulated to in his plea agreement to set his base sentencing guideline level. As already addressed above, *Alleyne* is not retroactive on collateral review and thus offers him no relief. Moreover, he stipulated to a drug offense level of 32 in his plea agreement "because the amount of controlled substances involved are equivalent to more than 1,000 kilograms of marijuana." ECF No. 41 at ¶ 12. Though this was the amount stipulated to in the plea agreement, this was also the amount that Probation calculated in the PSR. ECF No. 61 at ¶ 56. Therefore,

6

*Alleyne* affords him no relief.

### 2.   *Ineffective assistance of counsel*

Petitioner also contends that he did not agree with the drug weight found in the PSR and states that he "did not know to challenge it beyond what [he] was told by [his] attorney." ECF No. 72 at 5. He also appears to argue that his attorney should have done more to challenge the propriety of the oxycodone-to-marijuana conversion rate.[3] ECF No. 72 at 3. His arguments are without merit.

Regarding the drug weights contained in the PSR, Petitioner had the opportunity to challenge the drug weights at the sentencing hearing but indicated that he had no objections to the PSR. ECF No. 67 at 2–5. He also indicated that he had sufficient time to discuss the PSR with his attorney, ECF No. 62 at 2–4, and in his reply to the Government's response in opposition, he states that "conversion was discussed between Mr. Meetze and petitioner." ECF No. 87 at 6. Moreover, the drug weight calculation contained in the PSR resulted in his base offense level being set at 32, which is the level he stipulated in his plea agreement. *See* ECF Nos. 41 at ¶ 12, 61 at ¶ 56. The Court discussed this stipulation with him at the plea hearing, and he indicated that he understood that he was stipulating to a drug weight equivalent of more than 1,000 kilograms of marijuana, making him eligible for a base offense level of 32. ECF No. 105 at 7–8. Finally, regarding the marijuana conversion rate, the sentencing transcript reveals that his attorney did in

---

[3] To the extent Petitioner challenges the reasonableness of the drug equivalency conversion applied in his case, the Court first notes that the petitioner stipulated to a marijuana equivalency of over 1,000 kilograms in his plea agreement. ECF No. 41 at ¶ 12. Furthermore, as the Fourth Circuit has noted, studies exist to support the drug equivalency tables for oxycodone to marijuana. *See, e.g.*, *United States v. Lewis*, 521 F. App'x 109, 111 (4th Cir. 2013). As a result, he has failed to establish that his sentence is unreasonable.

fact raise a challenge before the Court. ECF No. 67 at 10–12. In summary, he has failed to show, regarding the drug weight issue, that his counsel acted unreasonably and that counsel's conduct prejudiced him. Thus, his claim of ineffective assistance of counsel on this ground fails.

### C.     Corruption

In Petitioner's final claim, he seeks relief based on his claim that the former Chesterfield County Sheriff—whose office allegedly first obtained the evidence leading to his federal charge—was indicted and removed from office following a corruption investigation. ECF No. 72-3 at 1. He also states that he was questioned by the Sheriff's Department shortly after consuming oxycodone. *Id.* As the Government notes, he does not challenge the legal basis for his conviction or argue that he is innocent of the underlying conduct; rather, he simply states that he believes the Sheriff held some animosity towards him. *See* ECF Nos. 72-3 at 1, 80 at 11. Moreover, he does not ask for a specific remedy but instead asks the Court whether any type of relief is available. His claim does not qualify for § 2255 relief.

The Supreme Court has held that "an error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Petitioner has not shown, or even alleged, that the claimed error here—that the evidence against him was first obtained by a sheriff's department where the sheriff himself was later investigated and indicted for corruption charges—meets the standards for collateral attack through a § 2255 petition. Nor does he claim that he is innocent of the conduct with which he was charged. As his sentence was imposed as the result of a guilty plea in which he expressly admitted the underlying conduct, ECF No. 105 at 14–19, he is not entitled to relief under these facts.

Regarding Petitioner's allegations that he made statements to law enforcement under the

8

influence of oxycodone, he appears to imply that his statement was involuntary due to the influence of drugs. Such a claim is also without merit. His conduct was later outlined at his guilty plea hearing, at which time the Court confirmed his competency, and he affirmed his conduct at that time. ECF No. 105 at 3–5, 14–19. Thus, even if he had taken oxycodone shortly before he was interviewed by state officials, he later admitted his conduct at the plea hearing after the Court confirmed he was competent. It is these statements he made at the plea hearing—not statements he allegedly previously made to other parties—that the Court relied upon in entering his sentence. *See United States v. Lemaster*, 403 F.3d 216, 222 (4th Cir. 2005) (finding that the Court was entitled to rely on the defendant's sworn statements made at the plea colloquy and sentencing hearing). His factual stipulation at his plea, which established the elements of the offense of conviction, was sufficient, in itself, to establish a factual basis for his guilty plea. *See United States v. Blankenship*, 374 F. App'x 384, 386 (4th Cir. 2010). Thus, his claim is without merit.

### D.     Additional Motion

Petitioner has also filed a "Notice of Intent Motion for Stay of Proceedings," ECF No. 104, in which he asks the Court for a 60-day stay in order for him to file a motion to amend under Rule 15. In the motion, he also asserts that he has "acquired information and evidence that is relevant to his § 2255 Motion" and asks the Court for permission to file an amended or supplemental petition. ECF No. 104 at 2. However, he has not described the basis for his proposed amendment and does not disclose any new law or facts that would impact his petition. Accordingly, the Court concludes that he has not set forth a sufficient basis to amend his petition, and his motion, ECF No. 104, is therefore **DENIED**.

## V.     Conclusion

For the reasons stated, Petitioner's petition for relief pursuant to § 2255, ECF No. 72, is **DENIED**.  This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings.  In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right."  The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this motion.  Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

November 3, 2015
Columbia, South Carolina